# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 15-CV-07408 (JFB)

SHERWOOD L. BOYCE AND
HEATHER BOYCE,

Appellants,

VERSUS

CITIBANK, N.A., AS
TRUSTEE FOR MLMI
TRUST SERIES 2006-HES,

Appellee.

**MEMORANDUM AND ORDER**
January 10, 2017

JOSEPH F. BIANCO, District Judge:

Sherwood L. Boyce and Heather Boyce (collectively, "appellants") appeal from an order entered by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In an opinion dated December 15, 2015 (the "December 15 Order" or "Bankr.Ct. Op."), the Honorable Alan S. Trust denied appellants' motion to reopen an adversary proceeding against Citibank, N.A., as Trustee for MLMI Trust Series 2006-HES,[1] ("appellee") after appellants unsuccessfully litigated a foreclosure action in New York state court. As the December 15 Order explained, the Bankruptcy Court lacked jurisdiction, and appellants failed to show cause to reopen the adversary proceeding.

On appeal, appellants argue that the December 15 Order should be reversed. They claim that (i) the Bankruptcy Court had jurisdiction to reopen the adversary proceeding; and (ii) good cause was also shown. (Appellants' Br. at 10–21.) If this Court reverses the December 15 Order, appellants request that the Court issue an order staying the state court foreclosure action. (Appellants' Br. at 22–24.)

---

[1] Appellee contends that the correct name of the trust is "MLMI Trust Series 2006-HE5." (Appellee's Br. at 1 n.1.) (alteration in original) The Clerk of the Court is directed to amend the caption accordingly.

For the reasons that follow, the Court finds appellants' arguments to be unpersuasive and affirms the Bankruptcy Court's December 15 Order in all respects.

I. BACKGROUND

A. Procedural History

The following facts are taken from the Bankruptcy Record ("BR")[2] and the December 15 Order.[3]

In May 2008, appellee filed an action seeking to foreclose the mortgage on appellants' residence (the "Property") in Suffolk County Supreme Court (the "State Court") because appellants defaulted in their payment obligations (the "Foreclosure Action").[4] In lieu of answering the complaint, appellants entered into two stipulations, which waived their right to assert a claim or a defense in the Foreclosure Action in exchange for appellee's forbearance. (BR at 719–24.)

After a default judgment was entered against appellants, Mr. Boyce filed a voluntary petition for relief under Chapter 13 in June 2010 (the "Bankruptcy Case").[5] Of note, appellee never filed a proof of claim in the Bankruptcy Case and, thus, could not assert a personal liability claim.

In July 2010, Mr. Boyce commenced an adversary proceeding against appellee to challenge its purported mortgage lien on the Property (the "Adversary Proceeding").[6] In March 2012, appellee filed a third-party complaint to add Mrs. Boyce to the litigation.

B. Bankruptcy Court's Abstention Order

In April 2012, the Bankruptcy Court entered an order in the Bankruptcy Case scheduling an estimation hearing, which took place on May 24, 2012.[7] Of relevance to this appeal, the Bankruptcy Court's scheduling order required the parties to submit affidavits for any proposed witnesses by a certain date. Appellants failed to comply, and thus their expert witness was precluded from testifying. (T8.)[8]

The purpose of the estimation hearing was to determine whether appellee had an *in rem* claim against the Chapter 13 estate that needed to be addressed in the plan. However, appellants' counsel indicated that appellee had no such claim. (T14.) At that point, the Court suggested that the parties should address the matter in State Court, as illustrated by the following colloquy with appellants' counsel:

> THE COURT: Then why don't we just short circuit this and I'll lift the stay and send you all to state court? I'll

---

[2] The Bankruptcy Record is available at Docket Entries 2-1 (pp. 1–749) and 2-2 (pp. 750–1339).

[3] *See Boyce v. Citibank, N.A. (In re Boyce)*, No. 10–75049–ast, 2015 WL 9126085 (Bankr. E.D.N.Y. Dec. 15, 2015).

[4] The Foreclosure Action is designated as Index No. 021014/2008.

[5] The Bankruptcy Case is designated as Case No. 10-75049.

[6] The Adversary Proceeding is designated as Case No. 10-08307.

[7] "T__" refers to the transcript for the May 24, 2012 hearing before the Bankruptcy Court. The transcript is available at Bankr.Ct. Docket Entry 85.

[8] However, the Bankruptcy Court permitted appellants to make a proffer of the expert's testimony in the event of review on appeal. (T9–10.)

2

abstain from the adversary proceeding, and you all can proceed on a Chapter 13 plan that does not address the Citibank claim, and they'll have all their rights under state law against the debtor whether it ultimately precludes the debtor from performing their Chapter 13 plan or not, but you're not going to have it both ways.

A: Your Honor, we're willing to do that and have the state court determine the issues provided the full file of the Court is sent over to the state court because as of the commencement of the bankruptcy case Citibank already had filed a motion for default and the appointment of a referee to compute, plus unless the entire file gets transferred to the state court everything that we've already done in this case goes to naught.

So as far as the debtor, we have no problem with that, with the Court's abstention provided the entire file in the adversary proceeding is transferred to the state court, and not just a file that says the name only, so to speak.

\* \* \*

THE COURT: I don't have the authority to direct the state court to do A, B, or C, but I would certainly enter an order that I'm abstaining from hearing the adversary proceeding, authorizing either party to transmit to the state court any and all pleadings filed in the adversary proceeding --

A: That would be fine.

THE COURT: -- or orders entered in the adversary proceeding, but I can't direct the state court to take any specific actions. I'm at that point sending the matter to the state court to [] conclude the litigation.

(T14–15, 17–18.) The parties agreed with the Bankruptcy Court's suggestion, so on June 5, 2012, the Bankruptcy Court entered an order that, among other things: (i) lifted an automatic stay so the Foreclosure Action could continue; (ii) provided that any Chapter 13 plan would not affect appellee's rights with respect to the Property and "any other matters other than with respect to a personal liability claim against the Debtor in the Chapter 13 bankruptcy case"; and (iii) indicated that the Bankruptcy Court would abstain from hearing the Adversary Proceeding and transfer the matter to the State Court (the "Abstention Order"). (BR at 1160–63.) Soon after, the Bankruptcy Court entered an order administratively closing the Adversary Proceeding but authorizing either party to seek to reopen for cause. Subsequently, the Bankruptcy Case was closed after it had been fully administered.

### C. State Court's Ruling

Between June 2012 and August 2015, appellants attempted to vacate the default judgment that had been entered against them

in the Foreclosure Action. In June 2013, the State Court denied appellants' motion to vacate their default. (*Id.* at 1277–79.) Essentially, appellants had stipulated that they waived any claims or defenses in the Foreclosure Action, and they otherwise did not offer any excuse for their default. (*Id.* at 1279.) In light of this ruling, the Supreme Court never reached the substantive issues in the Adversary Proceeding—namely, whether appellee had a valid and enforceable mortgage on the Property.

In August 2015, the Second Department of the New York Appellate Division affirmed the Supreme Court's ruling. (*Id.* at 1269–70.)

### D. Bankruptcy Court's December 15 Order

On September 2, 2015, appellants filed a motion to reopen the Adversary Proceeding. They also requested that the Bankruptcy Court stay the Foreclosure Action and any other related proceedings.

On December 15, 2015, the Bankruptcy Court denied appellants' motion. (Bankr.Ct. Op. at *5.) The Bankruptcy Court found that appellants' request was a "transparent attempt" to seek "to overrule the orders of the state trial and appellate courts." (*Id.* at *3.) Moreover, as the Bankruptcy Court explained, the Abstention Order provided that any Chapter 13 plan would not affect appellee's rights on the Property. Accordingly, the Bankruptcy Court lacked "related to" jurisdiction for the Adversary Proceeding. (*Id.* at *4.) The Bankruptcy Court also held that, even if "related to" jurisdiction were available, it would have declined to reopen the Adversary Proceeding because equity favored dismissal. (*Id.*) The Bankruptcy Court reached this conclusion based on *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159 (2d Cir. 1995), in which the Second Circuit articulated equitable factors for bankruptcy courts to consider when determining whether they should continue to exercise jurisdiction over adversary proceedings. (*Id.*) As the Bankruptcy Court observed, the Adversary Proceeding did not affect the bankruptcy estate, and appellants merely attempted to re-litigate issues that the State Court had already decided. (*Id.*) Thus, the Bankruptcy Court prohibited appellants from using its jurisdiction "to circumvent those determinations." (*Id.*)[9]

Because the Adversary Proceeding was not reopened, the Bankruptcy Court did not reach appellants' request for a stay. (*Id.* at *5.)

### E. Appeal

Appellants filed a notice of appeal of the December 15 Order on December 29, 2015, which was docketed in this Court on December 30, 2015. Appellants filed their brief on March 21, 2016. Appellee filed its brief on April 15, 2016. Appellants filed their reply on May 4, 2016. The Court has fully considered the parties' submissions.

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158, which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of

---

[9] The Bankruptcy Court noted that appellants did not file a motion to reopen the Bankruptcy Case. (Bankr.Ct. Op. at *4.) In any event, the Bankruptcy Court stated that "reopening the main case would be futile and a waste of judicial resources." (*Id.*)

4

bankruptcy judges." 28 U.S.C. § 158(a)(1), (3).

As an initial matter, the parties dispute the applicable standard of review. Appellants argue that the Court should apply a *de novo* standard because "there are no factual disputes." (Appellants' Br. at 5.) On the other hand, appellee contends that the Court should review for abuse of discretion. (Appellee's Br. at 7.) It is well-established that a district court reviews a bankruptcy court's legal conclusions *de novo*, mixed questions of fact and law *de novo*, and factual findings for clear error. *See R2 Invs., LDC v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc.)*, 691 F.3d 476, 482–83 (2d Cir. 2012); *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 65 (2d Cir. 2007); *Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 90 (2d Cir. 2003).

Discretionary matters, however, are reviewed for abuse of discretion. *See, e.g., Smith v. Silverman (In re Smith)*, 645 F.3d 186, 189 (2d Cir. 2011) (per curiam) (motion to reopen a bankruptcy proceeding); *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 219 (E.D.N.Y. 2014) (motion for reconsideration); *In re Fiorano Tile Imports, Inc.*, 517 B.R. 409, 414 (E.D.N.Y. 2014) (bankruptcy court's interpretation of its own order). In particular, "[t]he decision to reopen a case 'invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.'" *In re Galloway-O'Connor*, 539 B.R. 404, 407 (Bankr. E.D.N.Y. 2015) (alteration in original) (quoting *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 F. App'x 199, 200 (2d Cir. 2004) (summary order)); *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1307 (2d Cir. 1996) (motion to reopen a bankruptcy proceeding and vacate a default judgment).

Therefore, the Court finds that a bankruptcy court's denial of a motion to reopen an adversary proceeding is reviewed under the "deferential abuse-of-discretion standard." *See Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 186 (2d Cir. 2012). A bankruptcy court abuses its discretion only if it reaches a decision that (i) rests "on an error of law or clearly erroneous factual findings" or (ii) "'cannot be located within the range of permissible decisions.'" *In re Sapphire Development, LLC*, 523 B.R. 1, 5 (D. Conn. 2014) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).[10]

III. DISCUSSION

Appellants challenge the December 15 Order on two grounds: (i) the Bankruptcy Court had jurisdiction to reopen the Adversary Proceeding; and (ii) good cause was shown. Appellants also request that the Court issue an order staying the Foreclosure Action.

A. Jurisdiction for Adversary Proceedings

Appellants contend that the Bankruptcy Court should have reopened the Adversary Proceeding. However, the Court finds that the Bankruptcy Court did not abuse its discretion in denying appellants' motion.[11]

---

[10] The Court notes that, even under a *de novo* standard of review, the Court would reach the same conclusions for the reasons set forth in the decision of the Bankruptcy Court and in this Memorandum and Order.

[11] In light of the conclusion below, the Court need not address whether the Adversary Proceeding, if restored, would be a "core" proceeding. (*See* Appellee's Br. at 8.)

5

1. Legal Standard

As a general rule, jurisdiction for adversary proceedings "does not normally survive the dismissal of the underlying bankruptcy proceedings." *See Presidential Gardens Assocs. v. United States ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 142 (2d Cir. 1999). While not mandatory, this rule is favored "because the Court's exercise of jurisdiction over the adversary proceeding depends on its nexus with the main case." *Johnson v. Wells Fargo Bank, N.A. (In re Johnson)*, No. 09–49420, 2014 WL 4197001, at *28 (Bankr. E.D.N.Y. Aug. 22, 2014); *see also Leon v. Couri*, No. 98 CIV 5028(HB)(RLE), 1999 WL 1427724, at *2 (S.D.N.Y. May 26, 1999) (analyzing whether the outcome of the related proceeding "might have any 'conceivable effect' on the bankruptcy estate"); *In re Porges*, 44 F.3d at 162 (drawing an analogy "to a district court's jurisdiction over pendent state claims following dismissal of all federal claims"). This decision is committed "to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending." *In re Porges*, 44 F.3d at 162.

Courts have retained jurisdiction in the following circumstances: (i) to encourage quick resolution of claims; (ii) to protect the court's injunctive power; and (iii) to promote judicial economy when the parties have invested significant resources into the case. *See, e.g.*, *Boco Enters., Inc. v. Saastopankkien Keskus-Osake-Pankki (In re Boco Enters.)*, 204 B.R. 407, 412 (Bankr. S.D.N.Y. 1997) (retaining jurisdiction because the contrary result "would discourage parties from availing themselves of dispositive motions" when the success of those motions would divest the bankruptcy court of jurisdiction); *Hudak v. Woods*, 91 B.R. 718, 719 (W.D. Pa. 1988) (exercising jurisdiction to address an alleged violation of the court's injunction order because automatic dismissal of the related proceeding would allow parties "to defeat the provisions of a preliminary injunction and avoid contempt by stipulating to a dismissal"); *Stardust Inn, Inc. v. Doshi (In re Stardust Inn, Inc.)*, 70 B.R. 888, 891 (Bankr. E.D. Pa. 1987) (choosing to retain jurisdiction because the matter had "already been fully tried with all parties simply awaiting the decision"); *Auto Auction, Inc. v. Pocklington (In re Pocklington)*, 21 B.R. 199, 202–03 (Bankr. S.D. Cal. 1982) (maintaining jurisdiction because dismissal would require the court "to uproot the lawsuit in the midst of litigation" and "to educate another court as to the facts and issues"); *Diversified Mortg. Investors, Inc. v. Lake Tahoe Land Co., Inc. (In re Lake Tahoe Land Co., Inc.)*, 12 B.R. 479, 481 (Bankr. D. Nev. 1981) (intimating that the court retained jurisdiction, in part, because the statute of limitations had expired and thus the party could not bring the action in another court). *Cf. Pal Family Credit Co., Inc. v. Cnty. of Albany*, 425 B.R. 1, 8 (Bankr. N.D.N.Y. 2010) (affirming the bankruptcy court's dismissal of an adversary proceeding, in part, because it related to state law claims). This list is non-exhaustive, of course, but the common thread running through these decisions is that courts often look for some rational or equitable reason to retain jurisdiction. *Accord Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1537–40 (11th Cir. 1992) (Clark, J., dissenting).

As alluded to above, the Second Circuit has provided four factors in determining whether bankruptcy courts should retain jurisdiction: (i) "judicial economy"; (ii) "convenience to the parties"; (iii) "fairness"; and (iv) "comity." *In re*

*Porges*, 44 F.3d at 163. Although appellants seek to reopen a closed adversary proceeding or, in effect, open a new adversary proceeding, the Court will apply the same analysis.

As explained below, the Court finds no basis to disturb the Bankruptcy Court's discretionary decision.

### 2. Application

Considering all of the *Porges* factors, the Court finds no nexus between the Adversary Proceeding and the Bankruptcy Case. Appellants essentially contend that "the Bankruptcy Court's refusal to reopen the adversary proceeding amounts to a waste of the resources invested by the parties." (Appellants' Br. at 21.) To be sure, the parties and the Bankruptcy Court have invested resources into this matter, but the State Court and the Appellate Division have already decided the relevant issues.

Judicial economy is served because the Abstention Order indicated that the Adversary Proceeding would not impact the closed Bankruptcy Case. As for the remaining factors, the parties had agreed that the Bankruptcy Court would abstain from deciding the Adversary Proceeding. Appellants should not be allowed to re-litigate issues already decided by the State Court. Accordingly, the Bankruptcy Court did not abuse its discretion in denying appellants' motion to reopen the Adversary Proceeding.

### B. Good Cause

Next, appellants contend that it has provided good cause to reopen the Adversary Proceeding. Specifically, appellants claim that the Bankruptcy Court: (i) deprived them of the opportunity to address the merits of the Foreclosure Action; and (ii) violated due process by (a) scheduling an estimation hearing and (b) preventing their expert witness from testifying. (Appellants' Br. at 10–17.) [12]

Appellants carry the burden of proof in showing that good cause exists. *Accord In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016). As stated in another context, the Bankruptcy Court "will limit the exercise of its discretion to reopen a closed case 'in circumstances . . . where reopening is futile or a waste of judicial resources." *In re Galloway-O'Connor*, 539 B.R. at 407 (quoting *In re Mohammed*, 536 B.R. 351, 355 (Bankr. E.D.N.Y. 2015)) (motion to reopen a bankruptcy case). Here, appellants were not deprived of their opportunity to address the merits of their Foreclosure Action, including the purported validity of appellee's mortgage on the Property. Instead, as the State Court reasoned, they waived their opportunity by defaulting without showing good cause for doing so. Put another way, appellants' dissatisfaction with the State Court's ruling does not constitute good cause. Thus, the Bankruptcy Court properly exercised its discretion in declining to reopen the Adversary Proceeding for lack of good cause.

Appellants fare no better with their due

---

[12] Appellee asserts that the due process arguments are not properly before the Court because they were not presented below. (Appellee's Br. at 12.) Generally, "issues not raised in the bankruptcy court cannot be raised for the first time on appeal to this Court." *Merchants Bank v. Goodyear*, 228 B.R. 87, 88 (D. Vt. 1997). However, a federal court may consider such arguments when (i) "manifest injustice would occur"; or (ii) "the argument is clearly presented by the record." *Mendelsohn v. Pappas (In re Pappas)*, 239 B.R. 448, 454 (Bankr. E.D.N.Y. 1999). On that basis, the Court will consider these arguments because they are clearly presented by the record, including the May 24, 2012 hearing transcript, and no additional fact-finding is needed.

process arguments. As the Supreme Court has made clear, "federal and state adjudications are binding only when parties are provided with sufficient notice and an opportunity to be heard." *In re Drexel Burnham Lambert Grp. Inc.*, 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Therefore, due process is satisfied when notice is "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their [claims]." *Id.* (alteration in original) (quoting *Mullane*, 339 U.S. at 314). This inquiry involves a case-by-case approach turning on what the party knew or should have known. *DePippo v. Kmart Corp.*, 335 B.R. 290, 295 (Bankr. S.D.N.Y. 2005); *Mullane*, 339 U.S. at 314.

First, as for the estimation hearing, appellants received proper notice through the Bankruptcy Court's April 2012 order, and the estimation hearing did not deprive them of any opportunity to present arguments or evidence. Moreover, appellants conceded that the estimation hearing would not have been binding on any issues raised in the Adversary Proceeding. (Appellants' Br. at 11 (recognizing that the "estimated claim can have no validity and enforceability in the determination of the substantive issues related to the adversary proceeding").)

Second, as for the expert witness, the Bankruptcy Court precluded that witness's testimony because appellants failed to produce the witness's affidavit by the scheduling order's deadline. Appellants have offered no reason to overcome this straightforward result.

In sum, having reviewed for abuse of discretion, the Court concludes that the Bankruptcy Court did not err in its "good cause" analysis, nor did it violate due process.

### C. Anti-Injunction Act

Finally, appellants request that the Court stay the Foreclosure Action until the Adversary Proceeding has been resolved. In light of the foregoing analysis, however, this request is moot because appellants' motion to reopen is denied. However, even if the Court reached the merits, appellants' request is barred by 28 U.S.C. § 2283 (the "Anti-Injunction Act").

The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings except (i) where "expressly authorized by Act of Congress"; (ii) "where necessary in aid of its jurisdiction"; or (iii) where necessary "to protect or effectuate its judgments." 28 U.S.C. § 2283. As the Second Circuit has recognized, "the Anti-Injunction Act applies to state court foreclosure proceedings." *Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *3 (E.D.N.Y. June 9, 2016) (citing *Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972)).

Contrary to appellants' suggestion, neither the first nor the third exceptions apply. (Appellants' Br. at 22–23.) First, appellants construe the Bankruptcy Code's automatic stay provision, *see* 11 U.S.C. § 362(a), as an Act of Congress. However, no bankruptcy case is pending, nor have appellants sought to reopen the Bankruptcy Case. Therefore, the first exception is inapplicable.

They also rely on the third exception— that is, "to protect or effectuate [the Court's] judgment in [a] reopened adversary proceeding." (Appellants' Br. at 23.)

However, this exception "does not permit a federal court to enjoin state proceedings to protect a judgment that the federal court may make in the future but has not yet made." *Attick v. Valeria Assocs.*, 835 F. Supp. 103, 115 (S.D.N.Y. 1992). Thus, even if the Court reopened the Adversary Proceeding, the Anti-Injunction Act would have barred appellants' request for injunctive relief to stop the Foreclosure Action.

IV. CONCLUSION

For the foregoing reasons, reviewing for abuse of discretion, appellants' appeal of the Bankruptcy Court's denial of their motion to reopen the Adversary Proceeding is denied.[13] The Court affirms the rulings of the Bankruptcy Court in all respects. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: January 10, 2017
Central Islip, New York

\* \* \*

Appellants are represented by Edward Zinker, Zinker & Herzberg, LLP, 300 Rabro Drive, Suite 114, Hauppauge, New York 11788, and Jeffrey Herzberg, 278 East Main Street, Suite C, P.O. Box 866, Smithtown, New York 11787. Appellee is represented by Thomas James Schell, Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104, and William Craig Sandelands, Sandelands Eyet LLP, 1545 United States Highway 206, Suite 304, Bedminster, New Jersey 07921.

---

[13] As noted *supra*, even applying a *de novo* standard of review, the Court would reach the same conclusions for the reasons set forth in the Bankruptcy Court decision and in this Memorandum and Order.